# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATELYN STEPHENS,**

        **Plaintiff,**

**v.**                                                    **Case No:   6:18-cv-1214-Orl-37GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

Katelyn Stephens (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying her claims for disability, Disability Insurance Benefits, Child Disability Benefits, and Supplemental Security Income Payments. Doc. No. 1; R. 11. Claimant alleges a disability onset date of August 15, 2013. R. 559. Claimant argues that the decision by the Administrative Law Judge (the "ALJ") should be reversed because the ALJ failed to apply the correct legal standards to one of her treating physician's opinions and to Claimant's testimony regarding her limitations. Doc. No. 14 at 13-14, 21-22. Because the ALJ did not state the weight she afforded one of the opinions of the treating physician, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

## I.   <u>STANDARD OF REVIEW.</u>

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v.*

*Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

Claimant argues that the ALJ's decision should be reversed because the ALJ failed to apply the correct legal standards to one of her treating physician's opinions and to Claimant's testimony regarding her limitations. Doc. No. 14 at 13-14, 21-22.

### A.  Failure to State the Weight Given to Treating Physician's Opinion

The ALJ assigned little weight to the opinion of Claimant's treating physician that Claimant meets the cardiovascular listings. R. 18. However, the ALJ did not mention Claimant's treating physician's other opinion, stated in several of his treatment records, that Claimant's "[p]articipation in recreational activities including physical education [is] permitted, with ability to rest as needed" (the "Recreational Activity Opinion"). R. 1019, 1357, 1359, 1362. Claimant argues that this was error. Doc. No. 14 at 13-14.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without those reasons, the reviewing court cannot determine whether the ALJ's decision was rational and supported by substantial evidence, and it will not affirm, even if there is some basis that supports the ALJ's decision. *Id.* Medical opinions are physicians' statements reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite the impairments; and the claimant's physical and mental restrictions. *Winschel*, 631 F.3d at 1178-79; *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 811 (11th Cir. 2017) ("A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments.").[1] The ALJ is required to state with particularity the weight given to medical opinions and the reasons therefor. *Winschel*, 631 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

In response to Claimant's argument that the ALJ did not set forth the weight given to the Recreational Activity Opinion, the Commissioner argues that the ALJ need not specifically address every opinion so long as the court can "conclude that the ALJ considered the claimant's medical condition as a whole." Doc. No. 14 at 15. The court will not find that the ALJ erred by failing to

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

specifically address a doctor's particular opinion if the ALJ's "written decision ma[kes] clear that he considered both the opinion and [the claimant's] medical condition as a whole." *Adams v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014).

Here, there is no indication that the ALJ considered the Recreational Activity Opinion. The ALJ cites to the medical records that contain the Recreational Activity Opinion, and refers to some information within those records, but he never mentions the Recreational Activity Opinion. R. 18-19. Thus, it is not clear that the ALJ considered the Recreational Activity Opinion, and the ALJ erred in failing to address it. This error was not harmless, as the ALJ assigned a residual functional capacity ("RFC") of sedentary work to Claimant, but did not limit the RFC with any resting periods. R. 15. Importantly, the ALJ assigned an RFC to Claimant finding that she can "stand and/or walk 2 hours in an 8-hour workday" with no options to take breaks. R. 15. Recreational activity would seem to include walking, and thus the Recreational Activity Opinion could impact the RFC. Additionally, the vocational expert testified at the hearing before the ALJ that if a person with an RFC of sedentary work was off-task for twenty percent of the workday, primarily to rest, then no jobs would be available for that person in the national economy. R. 338.

The Commissioner also argues that the ALJ's decision to afford the treating physician's opinion little weight is supported by the evidence. Doc. No. 14 at 14-15. The problem is that little weight was assigned to the opinion that Claimant meets the cardiovascular listings, R. 18, but the Recreational Activity Opinion was not weighed or even mentioned. This omission is reversible error under *Winschel*, 631 F.3d at 1178-79.

Next, the Commissioner contends that the Recreational Activity Opinion is a treatment note, and the ALJ need not refer to every piece of evidence in the record. Doc. No. 14 at 15. Although the ALJ need not refer to every piece of evidence in the record, the Recreational Activity

Opinion is not just any piece of evidence, but a medical opinion, and thus this principle does not apply.

Finally, the Commissioner states the following: "[A]n opinion that Plaintiff could participate in recreational activities with the ability to rest as needed is not an opinion that she could not participate in recreational activities without the ability rest." Doc. No. 14 at 19. The Commissioner provides no additional explanation of this statement that seems to defy logic.

Because there is no indication that the ALJ considered the Recreational Activity Opinion, his decision is not supported by substantial evidence, and it is recommended that it be reversed.

**B. Credibility Determination**

Claimant argues that the ALJ's credibility determination fails to comply with the correct legal standards. Doc. No. 14 at 21-22. Claimant contends that in rejecting Claimant's testimony regarding the severity of her complaints, the ALJ overlooked the problems Claimant had when working and improperly relied on Claimant getting married and raising children and her participation in daily activities. *Id.*

The ALJ found the following regarding Claimant's credibility:

> However, while the claimant does have a significant medical history, I find that her statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely consistent with the medical evidence and other evidence in the record and that the objective findings on physical examinations have not shown a degree of ongoing abnormality that would warrant greater limitations than those included in the above-assessed [RFC].

R. 16. The ALJ then described the medical evidence. R. 16-18. The ALJ also stated the following:

> In assessing the claimant's [RFC], I also considered the fact that the claimant was able to work as a waitress/hostess, at times at substantial gainful activity levels, and also became pregnant and was able to care for her child "quite well" during the period under adjudication, which shows a greater level of functioning tha[n] portrayed by the claimant. In addition, the claimant testified that she

> takes her daughter to school, cooks dinner, cleans her house, and
> cares for her son who is with her during the day.

R. 19.

The standard of review is whether substantial evidence supports the ALJ's determination, not whether substantial evidence supports Claimant's position. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (affirmance is warranted even if evidence preponderates against the Commissioner's decision, so long as it is supported by substantial evidence). Although the ALJ does rely on Claimant raising a family and performing everyday activities, the ALJ also relies on Claimant's work history. R. 19. Claimant testified as to her issues when she worked, but the ALJ was not obligated to believe this testimony, so long as he articulated specific and credible reasons for discrediting it. *See Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) ("Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true."). The ALJ assessed Claimant's RFC by considering that she worked as a waitress, "at times at substantial gainful activity levels . . . ." R. 19. Claimant does not contest this finding. As substantial evidence supports the ALJ's determination regarding Claimant's pain testimony, Claimant is asking the Court to reweigh the evidence by giving greater weight to her testimony. The Court, however, is not permitted to reweigh the evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). Claimant fails to demonstrate that the ALJ's credibility determination was not supported by substantial evidence, and therefore it is recommended that the Court reject this argument.

## III.     <u>CONCLUSION.</u>

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk be directed to enter judgment for Claimant and close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on March 6, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Jillian Nelson, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Eric S. Fulcher
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801